THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT ADAMS,<br><br>Defendant. | CASE NO. CR14-0181-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for sentence review (Dkt. No. 117). Defendant is currently serving a 120 month sentence at USP Coleman II in Sumterville, Florida. He moves for sentence review under 18 U.S.C. section 3582. (Dkt. Nos. 117 at 2; 120 at 4.) However, his filings are focused on his request for a transfer to FDC Seatac, either permanently or for the pendency of proceedings on the present motion. (Dkt. No. 117 at 3.)

Section 3582 provides for sentence reduction under certain limited circumstances. *See* 18 U.S.C. § 3582(b),(c). None of these circumstances apply here, nor does Defendant raise any factual or legal argument that would support a sentence modification. Defendant was sentenced below the applicable guidelines range, and he makes no claim that this sentence was imposed in violation of the law or through incorrect application of the sentencing guidelines. *See* 18 U.S.C. §§ 3582(b)(2), 3724(a). While the Court is sympathetic to Defendant's stated desire to see his mother, this does not provide a basis for the Court to hold a hearing on an unsupported motion.

In the alternative, Defendant states he seeks "post-conviction review." (Dkt. No. 120 at 1–2.) Defendant states no cognizable claim for post-conviction relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 484–86 (1973) (explaining that a habeas petition must challenge the legality or duration of confinement). The Court will not construe Defendant's unsupported request as a habeas petition. *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 1009 (9th Cir. 2012) (ruling that a petitioner must allege a cognizable claim for the Court to entertain a habeas petition). If Defendant intends to challenge his confinement, he must file an independent petition stating the grounds for habeas relief.

Finally, the Court does not have jurisdiction to otherwise order a transfer to FDC Seatac. Only the Bureau of Prisons ("BOP") has authority to designate where Mr. Adams serves his sentence. *Id.* at § 3621(b). In making this determination, the BOP may consider a statement made by the sentencing court, but only concerning either the purposes of the sentence to imprisonment or the appropriate type of facility. *Id.* at § 3621(b)(4). Neither are applicable to Defendant's request for a transfer to be closer to his family.

For the reasons stated above, the Court DENIES Mr. Adam's motion. (Dkt. No. 117).

DATED this 30th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR14-0181-JCC
PAGE - 2