THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT C. ADAMS,<br><br>    Defendant. | CASE NO. CR14-0181-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 179). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the Government's motion to file overlength briefs (Dkt. 184), GRANTS the Government's motion to seal (Dkt. No. 186), and DENIES Defendant's motion for compassionate release (Dkt. No. 179) for the reasons explained herein.

I.   BACKGROUND

In January 2015, Defendant pleaded guilty to one count of conspiracy to commit bank robbery and 10 counts of bank robbery. (*See* Dkt. No. 53 at 1, 63 at 1.) On May 5, 2015, the Court sentenced Defendant to 120 months of incarceration followed by three years of supervised release. (*See* Dkt. No. 82.) Defendant now moves *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he is particularly vulnerable to serious complications

from COVID-19 due to his obesity. (*See* Dkt. No. 179 at 4–6.)

## II.     DISCUSSION

### A.     Motion for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's relevant policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate. U.S.S.G. § 1B1.13 cmt. n.4. Taken together, the policy statement and 18 U.S.C. § 3582(c)(1)(A) create a three-step process for ruling on a motion for compassionate release: the court must first decide whether "extraordinary and compelling reasons warrant . . . a reduction [in the defendant's sentence]," then determine whether "the defendant is . . . a danger to the safety of any other person or to the community," and finally assess whether a reduction in the defendant's sentence is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

### *1. Extraordinary and Compelling Reasons for Release*

A court may reduce a defendant's sentence if it finds that extraordinary and compelling reasons exist, such as the defendant "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 (2019); U.S.S.G. § 1B1.13 cmt. n.1; *see* U.S. Dep't of Justice, Fed. Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures

for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019).[1]

Here, Defendant argues that compassionate release is warranted because he is obese and is therefore particularly susceptible to serious complications if he contracts COVID-19. (*See* Dkt. No. 179 at 4–6.)[2] In its response to Defendant's motion, the Government "now takes the position that [Defendant's obesity] satisfies the 'extraordinary and compelling' reason as it will diminish the Adams' [sic] ability for self-care within the institution because of COVID-19." (Dkt. No. 185 at 16.) Assuming without deciding that obesity may constitute extraordinary and compelling circumstances within the meaning of U.S.S.G. § 1B1.13 cmt. n.1, the Court finds that Defendant has identified extraordinary and compelling circumstances that justify a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

### 2. *Danger to the Safety of Any Other Person or to the Community*

In determining whether a defendant presents a danger to the safety of any other person or to the community, the court looks to the nature and circumstances of the defendant's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. *See* U.S.S.G. § 1B1.13(2); 18 U.S.C. § 3142(g).

Defendant's underlying criminal conduct was serious. Defendant engaged in a series of bank robberies in a short period of time to support his substance abuse habit. (*See* Dkt. Nos. 79 at 1–12, 80 at 4–5.) Notably, several the robberies were performed by juveniles at the behest of Defendant and his co-Defendants. (*See* Dkt. Nos. 79 at 4–8, 80 at 5.) Two of the juveniles described Defendant's role in directing the robberies. (*See* Dkt. No. 79 at 9–10.) Moreover,

---

[1] Defendant's motion does not implicate the other grounds on which a court may find extraordinary and compelling circumstances under U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 cmt. n.1; (*see generally* Dkt. No. 179).

[2] Defendant previously stated that he suffers from diabetes in a request for compassionate release filed with the warden of his facility, (*see* Dkt. No. 179 at 11), but that assertion is not supported by Defendant's medical records, (*see generally* Dkt. Nos. 187-1–187-3).

Defendant's criminal history is substantial and includes convictions for burglary and drug-related offenses. (*See id.* at 15–16; Dkt. No. 70 at 14–21.) Finally, while Defendant argues that he has educated himself and addressed his substance abuse issues while incarcerated, (*see* Dkt. No. 179 at 4), his substantial list of infractions while incarcerated includes assault and possession of drugs or alcohol, (*see generally* Dkt. No. 185-3). Thus, the volume of Defendant's bank robberies in a condensed span of time, Defendant's willingness to make juveniles engage in serious criminal conduct to support his substance abuse habit, Defendant's expansive criminal history, and Defendant's conduct while incarcerated indicate that Defendant would pose a danger to the safety of the community if released. *See* U.S.S.G. § 1B1.13(2); 18 U.S.C. § 3142(g).

### 3. 18 U.S.C. § 3553(a) Factors

In determining whether to grant a defendant compassionate release under 18 U.S.C. § 3582(c)(1)(A), the court must also consider any relevant factors set forth in 18 U.S.C. § 3553(a). *See* U.S.S.G. § 1B1.13. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, avoidance of sentencing disparities, and the need to provide victims with restitution. *See* 18 U.S.C. § 3553(a).

As discussed above, Defendant's underlying criminal conduct was serious and demonstrated his disregard for the well-being of both his victims and the juveniles he used. Therefore, the substantial sentence imposed by the Court was necessary to adequately address the nature of Defendant's underlying conduct. Thus, the Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against granting Defendant's request for compassionate release. *See* U.S.S.G. § 1B1.13.

### B.    Motion to Seal

The Government moves to maintain under seal several exhibits to its response to Defendant's motion for compassionate release, arguing that they contain personal information that should not be made available to the public. (*See* Dkt. No. 186 at 1.) The Court starts from

1  the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash.

2  Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

3  However, a particularized showing of good cause will suffice to warrant sealing discovery

4  documents attached to non-dispositive motions. *Kamakana v. City and Cnty. of Honolulu*, 447

5  F.3d 1172, 1180 (9th Cir. 2006). Here, the exhibits at issue concern Defendant's health records.

6  Defendant's strong interest in maintaining the confidentiality of such records outweighs the

7  public's interest in their disclosure. Accordingly, the Court finds good cause and GRANTS the

8  Government's motion.

9  **III.   CONCLUSION**

10  For the foregoing reasons, Defendant's motion for compassionate release (Dkt. No. 179)

11  is DENIED. The Government's motion for leave to file overlength briefs (Dkt. No. 184) and

12  motion to seal (Dkt. No. 186) are GRANTED. The Clerk is DIRECTED to maintain Docket

13  Numbers 187, 187-1, 187-2, and 187-3 under seal until further order of the Court.

14  DATED this 22nd day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE