THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT C. ADAMS,<br><br>    Defendant. | CASE NO. CR14-0181-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's renewed motion for compassionate release (Dkt. No. 202) and the Government's motion to seal (Dkt. No. 205). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion for compassionate release (Dkt. No. 202) and GRANTS the Government's motion to seal (Dkt. No. 205) for the reasons explained herein.

The Court described the facts of this case in its prior order (Dkt. No. 193) and will not repeat them here. Defendant renews his motion for compassionate release. (*See* Dkt. Nos. 179, 193, 202.) He claims that, since his last motion, he contracted COVID-19 while housed at USP Tucson. (Dkt. No. 202 at 1–2.) He further claims that this, coupled with his continuing COVID-19 risk factors—obesity, hypertension, and past tobacco use—represent extraordinary and compelling reasons to warrant a reduction in his remaining sentence. (*Id.*); *see* 18 U.S.C. § 3582(c)(1)(A). Regardless, Defendant provides no new information or argument regarding the

1  danger he poses to the community or how a reduction in sentence would be appropriate in light
2  of the factors set forth in 18 U.S.C. § 3553(a). *See* United States Sentencing Guidelines
3  § 1B1.13. Therefore, for the same reasons that the Court previously denied Defendant's motion,
4  the Court DENIES Defendant's renewed motion. (*See* Dkt. No. 193 at 3–4.)

5  The Government moves to maintain under seal exhibits to its response to Defendant's
6  renewed motion, arguing that the exhibits contain personal information that should not be made
7  available to the public. (*See* Dkt. No. 205 at 1.) The Court starts from the position that "[t]here is
8  a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also*
9  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a
10 party seeking to seal a judicial record must show "compelling reasons" to seal the record if it
11 relates to a dispositive pleading. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180
12 (9th Cir. 2006). Here, the exhibits contain Defendant's confidential and highly personal medical
13 information. (Dkt. No. 206.) The Court FINDS that there is a compelling interest in maintaining
14 the confidentiality of such records and that interest outweighs the public's interest in their
15 disclosure. *See Kamakana*, 447 F.3d at 1179. Accordingly, the Court GRANTS the
16 Government's motion to seal.

17 For the foregoing reasons, Defendant's motion for compassionate release (Dkt. No. 202)
18 is DENIED and the Government's motion to seal (Dkt. No. 205) is GRANTED. The Clerk is
19 DIRECTED to maintain Docket Number 206 under seal until further order of the Court.
20 DATED this 28th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE