THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT ADAMS,<br><br>Defendant. | CASE NO. CR14-0181-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Robert Adams' renewed motion for compassionate release (Dkt. No. 209) and the parties' respective motions to seal (Dkt. Nos. 210, 213). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES Defendant's renewed motion and GRANTS the parties' respective motions to seal for the reasons explained herein.

In his prior motions, Defendant moved for compassionate release on the basis that his health conditions represented an extraordinary and compelling reason for reducing his sentence and a reduction would (a) be consistent with the applicable policy statement from the United States Sentencing Commission and (b) satisfied the § 3553(a) factors. (Dkt. Nos. 179, 202.) The Court denied Defendant's motions after concluding that, even if Defendant could demonstrate that his health constituted an extraordinary and compelling reason, the applicable policy statement and the § 3553(a) factors counseled against a reduction. (Dkt Nos. 193, 207.)

Defendant again moves for compassionate release, arguing that an increased risk of serious infection resulting from COVID-19 variants and a change in the law, namely the Ninth Circuit's holding in *U.S. v. Aruda,* counsels for a different result this time. (Dkt. No. 209 at 1–3 (citing 993 F.3d 797, 802 (9th Cir. 2021)).) In *Aruda*, the Ninth Circuit recently held that the Sentencing Commission's policy statement on a reduction in sentence is not presently "applicable" to a motion for compassionate release brought by a defendant directly to the Court. *See* 993 F.3d at 802. Regardless, the Court may still consider the statement if it so chooses. *Id.* In this instance the Court chooses to do so.

Accordingly, the Court may reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction, a defendant has exhausted his administrative rights of appeal with the Bureau of Prisons, the defendant would not present a danger to the community, and a reduction is consistent with the factors articulated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines § 1B1.13. Here, it is undisputed that Defendant has satisfied the exhaustion requirement. He presented a request for a reduced sentence to the warden of his facility and waited 30 days before seeking relief from the Court. (*See* Dkt. No. 212-2 at 2). Nevertheless, Defendant fails to demonstrate that his health condition continues to represent an extraordinary and compelling reason warranting compassionate release, that he would not present a danger to the community if he was released, or that the § 3553(a) factors support the reduction he seeks.

First, while the rise of variants may increase the risk of contracting a serious illness from a COVID-19 infection, Defendant has already experienced a COVID-19 infection without serious complications. (*See* Dkt. No. 214 at 72–91.) Moreover, he has now been vaccinated against future infection. (*See* Dkt. No. 212-1 at 2.) Many courts have concluded that, under similar circumstances, health conditions no longer represent an extraordinary and compelling reason warranting a reduction in sentence. *See, e.g.*, *U.S. v. McBriarty*, 2021 WL 1648479, slip op. at 6 (D. Conn. 2021); *U.S. v. McGill*, 2021 WL 662182, slip op. at 5 (D. Md. 2021). The

Court reaches the same conclusion here.

Second, while the Court is pleased to hear about Defendant's efforts to overcome his substance abuse issues, they do little to suggest that its prior application of the § 3553(a) factors, or its consideration of the risk Defendant poses to the community, has changed. (*See* Dkt. No. 193 at 3–4.) The remaining sentence continues to reflect the seriousness of Defendant's crimes and will afford adequate deterrence, protect the public, and provide Defendant with the correctional treatment he needs. Accordingly, Defendant's renewed motion for compassionate release is DENIED.

The parties separately moved to maintain under seal portions of Defendant's medical records referenced in briefing on Defendant's motion for compassionate release. (Dkt. Nos. 210, 213.) "There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006). The Court need not decide whether Defendant's motion for compassionate release is a dispositive motion because the Court FINDS that Defendant has a compelling interest in maintaining his medical records under seal and that interest outweighs the public's interest in their disclosure. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013). Accordingly, the Court GRANTS the motions to seal.

For the foregoing reasons, the Court DENIES Defendant's renewed motion for compassionate release (Dkt. No. 209) and GRANTS the parties' motions to seal (Dkt. No. 210, 213). The Court DIRECTS the Clerk to maintain Docket Numbers 211 and 214 under seal.

//

//

//

ORDER
CR14-0181-JCC
PAGE - 3

DATED this 24th day of May 2021.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR14-0181-JCC
PAGE - 4